# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ] | |
| ] | |
| Plaintiff, ] | CIVIL ACTION # |
| ] | |
| vs. ] | |
| ] | |
| THE SHOE SHOW OF ROCKY MOUNT, INC. ] | **COMPLAINT** |
| ] | **JURY TRIAL DEMAND** |
| Defendant. ] | |
| ] | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex or retaliation, and to provide appropriate relief to Angela M. Lett, Brittany Salter, TaHarra Lett and a class of women (including, without limitation, Casey Thames, Dawn Brooks and Rasla McCreary) who were adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Defendant Employer discriminated against Angela M. Lett, Brittany Salter, TaHarra Lett and a class of women (including, without limitation, Casey Thames, Dawn Brooks and Rasla McCreary) on the basis of their sex by subjecting them to sexual harassment and in some cases retaliating against them because they protested or opposed this conduct.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Alabama Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, The Shoe Show of Rocky Mount, Inc. (the "Employer"), has continuously been a North Carolina corporation doing business in the State of Alabama and the City of Monroeville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Angela M. Lett, Brittany Salter and TaHarra Lett filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since before July 20, 2002, and continuing thereafter Defendant Employer engaged in unlawful employment practices at its Monroeville, Alabama facility, in violation of Section 703(a)(1) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1)and § 2000e-3(a).  In particular,the Defendant Employer engaged in unlawful employment practices at and around its facility in Monroeville, Alabama, through the actions of one its supervisors, Store Manager Andre Jones.  Since at least July 20, 2002, and continuing thereafter, Jones sexually harassed Angela M. Lett, Brittany Salter, TaHarra Lett and a class of similarly situated women (including, without limitation, Casey Thames, Dawn Brooks and Rasla McCreary) by subjecting them to unwelcome and offensive sexual actions, comments and unwelcome and inappropriate touching of their private body parts.  In addition the Defendant Employer through the actions of one its supervisors, Store Manager Andre Jones, reduced the work hours and thus the earnings of Brittany Salter in retaliation for her opposition to an employment practice which she believed to violate Title VII of the Civil Rights Act of 1964.

8.      The effect of the practices complained of in paragraph 7 above has been to deprive Angela M. Lett, Brittany Salter, TaHarra Lett and a class of similarly situated women (including, without limitation, Casey Thames, Dawn Brooks and Rasla McCreary) of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex or because they opposed these practices.

9.      Since at least March 26, 2003, Defendant Employer has willfully failed, in violation of Section 711(a) and (b) of Title VII, 42 U.S.C. § 2000e-10(a) and (b), to post and keep posted notices which have been prepared or approved by the Commission setting forth

excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

10. The unlawful employment practices complained of in paragraph 7 above were intentional.

11. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Angela M. Lett, Brittany Salter, TaHarra Lett and a class of similarly situated women (including, without limitation, Casey Thames, Dawn Brooks and Rasla McCreary).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex and retaliation for engaging in protected activity.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Angela M. Lett, Brittany Salter, TaHarra Lett and a class of similarly situated women (including, without limitation, Casey Thames, Dawn Brooks and Rasla McCreary), by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices.

D.      Order Defendant Employer to post and keep posted notices in accordance with the provisions of Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a) and assess appropriate civil fines against the Defendant pursuant to Section 711(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-10(b).

E.      Order Defendant Employer to make whole Angela M. Lett, Brittany Salter, TaHarra Lett and a class of similarly situated women (including, without limitation, Casey Thames, Dawn Brooks and Rasla McCreary), by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above in amounts to be determined at trial.

F.      Order Defendant Employer to make whole Angela M. Lett, Brittany Salter, TaHarra Lett and a class of similarly situated women (including, without limitation, Casey Thames, Dawn Brooks and Rasla McCreary) by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.      Order Defendant Employer to pay Angela M. Lett, Brittany Salter, TaHarra Lett and a class of similarly situated women (including, without limitation, Casey Thames, Dawn Brooks and Rasla McCreary) punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public

interest.

    I.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507


**s/ Charles Guerrier**
CHARLES E. GUERRIER (OH 0023546)
Regional Attorney



**s/ Mildred Byrd**
MILDRED BYRD (LA 03741)
Supervisory Trial Attorney

        **s/J. Mark Graham**
J.MARK GRAHAM (LA 06216)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 212-2054
E-mail: john.graham@eeoc.gov