IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHERREE SALTER,** *et al.*, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **CIVIL ACTION 03-0863-WS-B** |
| ) | |
| **SHOE SHOW, INC.,** *et al.*, ) | |
| Defendants. ) | |

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT** ) | |
| **OPPORTUNITY COMMISSION,** ) | |
| Plaintiff, ) | **CIVIL ACTION 04-494-WS-B** |
| ) | |
| v. ) | |
| ) | |
| **SHOE SHOW OF ROCKY MOUNT, INC.,** ) | |
| Defendant. ) | |

**ORDER**

These actions are before the Court on the Motion to Consolidate (doc. 38) filed by plaintiffs Sherree Salter, Valissa Boykin, Gwendolyn Wilson, Nickeya Betts, Angela Lett, Brittany Salter, Casey Thames, and Ta'Harra Lett (the "Individual Plaintiffs") in Civil Action 03-863-WS-B (the "Individual Action"). In their Motion, the Individual Plaintiffs request that the Individual Action be consolidated with Civil Action 04-494-WS-B (the "EEOC Action") henceforth.

**I.     Background.**

In their Second Amended Complaint (doc. 27), the Individual Plaintiffs allege that, during 2002, each of them was employed at a retail store in Monroeville, Alabama owned by defendant Shoe Show, Inc. In the course of their employment, the Individual Plaintiffs contend, defendant Andre Jones (Shoe Show's store manager) subjected each of them to sexual harassment, including *quid pro quo* demands for sexual favors, crude and obscene comments and gestures, unwanted touching of their breasts and other body parts, attempted rape, and retaliation for refusing to submit to his sexual overtures. The Individual Plaintiffs allege that complaints to Shoe Show about Jones' conduct generated neither

corrective action nor even investigation.  Based on these allegations, the Individual Plaintiffs assert claims against Shoe Show under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as well as state-law claims against Shoe Show and Jones for invasion of privacy, assault and battery, and outrage, plus a separate state-law claim against Shoe Show for negligent supervision.  The Individual Action has been pending since December 2003 and is rapidly approaching trial; indeed, the operative scheduling order (as amended to extend the discovery period) provides for a November 29 discovery cutoff date, with jury trial to follow in May 2005.

Of more recent vintage is the EEOC Action, filed some seven months after the inception of the Individual Action.  The material factual and legal allegations of the EEOC Action overlap considerably with those in the Individual Action.  In particular, the EEOC brings suit against Shoe Show under Title VII based on alleged sexual harassment perpetrated by Jones in 2002 against Angela Lett, Brittany Salter, Ta'Harra Lett, Casey Thames (all of whom are Individual Plaintiffs in the Individual Action), as well as a class of similarly situated women.  The EEOC's Complaint alleges that, *inter alia*, Jones subjected this class of women to unwelcome and offensive sexual actions and comments, unwelcome and inappropriate touchings, and retaliation for opposing his unlawful activities.  The EEOC seeks compensation for A. Lett, Salter, T. Lett, Thames and the class of similarly situated women, as well as an injunction prohibiting Shoe Show from engaging in sexual harassment, sex discrimination, and retaliation, and requiring it to institute policies to provide equal employment opportunities for women.  The EEOC Action has been pending since July 2004.  To date, the parties have not filed a Rule 26(f) Report, nor has a separate Rule 16(b) Scheduling Order been entered in that case.

The Individual Plaintiffs now seek to consolidate the Individual Action with the EEOC Action.  The EEOC has joined in this request, and Shoe Show has filed a response, conditionally acquiescing to consolidation.

**II.     Analysis.**

The Motion to Consolidate is governed by Rule 42(a), Fed.R.Civ.P., which affords a district court authority to order multiple actions consolidated "[w]hen actions involving a common question of law or fact are pending before the court."  *Id.*  The Eleventh Circuit has explained that consolidation

pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)).  In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated.  *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it").

      The *Hendrix* factors unambiguously weigh in favor of consolidation here.  The presence of substantial common questions of fact and law linking these cases is manifest and may be readily confirmed by even cursory inspection of the two complaints.  Both actions involve Title VII claims of sexual harassment and retaliation leveled against Shoe Show based on alleged misconduct by the same actor (Jones) against largely the same female employees during the same time frame.  Shoe Show's affirmative defenses to these claims are virtually indistinguishable, including for example the *Faragher/Ellerth* defense.  Although the roster of aggrieved persons differs slightly between the two lawsuits, there is considerable overlap and both cases appear to turn on nearly identical facts and legal issues.  To try these cases separately would necessitate duplicative rulings on shared identical issues of law and fact, resulting in both grossly inefficient use of the Court's and the litigants' time, and an unacceptable risk of inconsistent adjudications of pretrial and trial issues.  *See Miller v. U.S. Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984) (observing that consolidation is properly used to "eliminate unnecessary repetition and confusion"); *Hendrix*, 776 F.2d at 1495 (same); *see generally In re Air Crash Disaster*, 549 F.2d at 1014 (overlapping, duplicative motion practice and pretrial procedures among different plaintiffs in separate actions constitute waste and inefficiency sought to be avoided by the lucid direction of Rule 42(a)).

Moreover, in the opinion of the undersigned, consolidation will unquestionably diminish the burden on both litigants and the Court of conducting parallel rounds of discovery, filing and considering parallel dispositive motions, and litigating parallel issues at trial.  It will also ease the burden on witnesses who would otherwise be called upon to present substantially identical testimony at two different trials.  Furthermore, the risk of unfair prejudice or confusion creeping into this litigation as a byproduct of consolidation appears minimal.  *Compare Cain v. Armstrong World Industries, Inc.*, 785 F. Supp. 1448, 1455-57 (S.D. Ala. 1992) (determining in hindsight that consolidation was improper where it resulted in joint trial of large number of differing cases, confusing and prejudicing the jury which was overwhelmed with evidence, rendering it impossible to sort out and distinguish the facts and law of numerous cases that varied greatly in critical respects).  Shoe Show does not contend that any prejudice or confusion will be visited upon it by virtue of the consolidation, so long as a new scheduling order is entered and adequate time is allowed for completion of discovery, including any modifications to the discovery plan that may be necessitated by the EEOC's participation.

In conditionally consenting to the Motion, Shoe Show asserts, without explanation or supporting authority, that consolidation should be ordered "for purposes of discovery only." (Defendant's Response, ¶ 1.)  Shoe Show identifies no reason why consolidation for trial would be inappropriate, other than to state in generic terms that it "reserves the right ... to evaluate whether the claims asserted by the EEOC would be properly tried with the claims of the current Plaintiffs."  (*Id.*, ¶ 2.)  The considerations identified above weigh heavily in favor of consolidation of these actions not only for discovery, but also for trial.  *See, e.g., Carolina Clipper, Inc. v. Axe*, 902 F. Supp. 680, 682 (E.D. Va. 1995) (explaining that where two causes of action are based on same set of facts, and same witnesses will be called to testify in both actions, judicial economy counsels against separate trials). Indeed, to consolidate these actions for discovery but not for trial would be to vitiate the bulk of the judicial economy, efficiency, and consistency benefits of consolidation in the first place, and would have no likely practical effect other than to derail the Individual Action from its previously established

Scheduling Order.[1]  Under the circumstances, the Court cannot accept Shoe Show's bare assertion that consolidation should be confined to the discovery phase.

### III.   Conclusion.

For all of the foregoing reasons, the Motion to Consolidate (doc. 38) is hereby **granted**, and these actions are **consolidated for all purposes**, including discovery and trial.[2]  All parties suggest that consolidation will warrant entry of a new scheduling order.  Because Magistrate Judge Bivins is best equipped to address that concern, the parties should expect to hear from her shortly regarding whether a new Rule 16(b) Scheduling Order will be entered, and whether any supplemental Rule 26(f) submissions or discovery conferences will be required.

The Clerk of the Court is hereby **directed** to extract documents 1 through 8 from Civil Action No. 04-0494-WS-B and to make those documents a part of Civil Action No. 03-0863-WS-B.

The Court finds that there is no present reason to maintain Civil Action No. 04-0494-WS-B as an open file.  Therefore the Clerk is **directed** to submit a JS-6 to the Administrative Office which indicates that this file is statistically closed and thus removed from the pending docket of this Court.  The Clerk shall thereafter maintain that file as a closed file.

DONE and ORDERED this 8th day of November, 2004.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1]     This is not a scenario in which consolidation is ordered for the purpose of streamlining discovery even though disparate legal issues remain to be litigated at trial.  After all, discovery is (or should be) substantially complete in the Individual Action right now, without consolidation.  Here, the value of consolidation lies not in unified discovery proceedings, but in precisely the avoidance of duplicate trials and repetitive adjudications.

[2]     That said, nothing in this Order should be construed as precluding Shoe Show from coming forward in a timely manner with a motion to sever pursuant to Rule 21, Fed.R.Civ.P., or for separate trials pursuant to Rule 42(b), Fed.R.Civ.P., if appropriate.  This order of consolidation is subject to modification at any time as the Court may deem appropriate in exercising its "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Hendrix*, 776 F.2d at 1495.